SOLOMON TERPENNING AND OTHERS, RESPONDENTS, *v.*
THE AGRICULTURAL INSURANCE COMPANY, APPEL-
LANT.

*Policy of insurance — what does not constitute a change of the interest of the
insured.*

The defendant issued to the plaintiffs, as "heirs of John S. Terpenning," a pol-
icy of insurance upon a dwelling-house and wood-house. Subsequently a par-
tition suit was commenced and such proceedings were had that the land upon
which the same were situated was sold by a referee, and the purchaser paid a
portion of the purchase money and signed a contract of purchase. The sale was
never confirmed by the court, nor was any deed ever delivered by the referee.
In this action brought to recover for the loss sustained by the burning of the
house, the defendant claimed that by the proceedings had in the partition
suit the interests of the parties therein were changed, and that the policy was
thereby avoided in accordance with one of its conditions.
*Held,* that the sale in the partition suit was not absolute until confirmed by
the court, and that until such confirmation it could not not be said that the
interests of the insured had changed.

APPEAL from a judgment in favor of plaintiff, entered upon the
report of a referee.

The action was upon a policy of insurance issued by the appellant
to the respondents, under the name of "Heirs of John S. Terpen-
ning," whereby such heirs were insured against loss or damage by
fire from December 1, 1872, to December 1, 1875, to the amount
of $3,400, to wit: $1,000 on dwelling-house and wood-house, if
attached; $300 on household furniture therein, and the remainder
of the amount on out-buildings and their contents, live stock,
farming utensils, etc.

The dwelling-house insured by said policy, and the wood-house,
together with the household furniture and wearing apparel covered
by said insurance, were destroyed by fire on or about April
7, 1875.

June 28, 1875, appellant paid to the respondents the sum of
$253, in full for loss on household furniture, provisions and wear-
ing apparel as stated, and said policy was to be canceled as to
such personal property. The appellant refused to pay the amount
of the loss claimed on account of the destruction of said dwelling-
house and wood-house, by reason of an alleged violation of the

following condition of the policy: "If any other insurance has been, or shall hereafter be, made upon the property hereby insured, or if the said property shall be sold or conveyed, *or if the interest of the parties therein be changed in any manner*, whether by act of the parties or by operation of law, or the property shall become encumbered by mortgage, judgment or otherwise, then and in every such case and in either of said events this policy shall be null and void until the written consent of the company at Home Office is obtained."

In 1874, an action in partition was brought in the Supreme Court of New York, for the partition or sale of certain real estate in Ulster county, of which the said buildings and real estate formed a part.

Such proceedings were had in said action, that a decree of sale of the premises described in the complaint was granted and entered in Ulster county, wherein Howard Cockburn, Esq., was appointed referee to sell the same. Said referee advertised all of said premises for sale, and they were offered for sale pursuant to said decree by said referee, February 1, 1875, and the farm on which said buildings were situated was struck off on said sale to Absalom L. Anderson. According to the terms of sale, the purchaser was to pay twenty per cent. of the purchase money at the time of sale, and sign an agreement of purchase. Said Anderson, at the time of sale, complied with the said terms by paying said percentage and signing said agreement. There was no proof that said sale was ever confirmed by the court, or that a deed for said premises was ever delivered by the referee to said purchaser.

*Bradley Winslow*, for the appellant.

*Charles A. Fowler*, for the respondents.

*Per Curiam :*

Only one question is presented. That is whether the proceedings and sale in the partition were a change of the interest of the parties so as to annul the policy. A decree of sale in partition had been made and the referee had sold the property. But there is no evidence that the order confirming the sale had been granted or any deed executed.

The sale under a decree in partition is not absolute. It depends for its validity on confirmation by the court. Until confirmed it cannot be said that the interest of the parties had changed. For till that time it remains uncertain whether or not the court will grant a confirmation. It does not resemble a contract for sale between the owner and another person. Because that is binding, when executed, and transfers an equitable right to the purchaser. He may enforce its performance. But clearly the purchaser in this case could not have brought an action in equity to compel specific performance. His only remedy would be to apply to the court to have the sale confirmed. And it may be remarked that if (as in this present case) the buildings had meantime been destroyed by fire, the court might take that into consideration and might, if equitable so to do, decline for that reason to confirm a sale where the purchaser would not receive the property in the same condition as it was when the referee sold.

We think the judgment should be affirmed, with costs.

Present — LEARNED, P. J., BOARDMAN and TAPPIN, JJ.

Judgment affirmed, with costs.